

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2007

# Escobar v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5175

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Escobar v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1526.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1526

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5175

ARAMAYO ROY ESCOBAR, aka Roy A. Escobar,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

Submitted September 1, 2006.
Sur Panel Rehearing Submitted
Immigration Judge: Hon. Grace A. Sease

Submitted Under Third Circuit LAR 34.1(a)

Before:    BARRY, CHAGARES AND COWEN, <u>Circuit Judges</u>.

(Filed: March 6, 2007)

OPINION

PER CURIAM

This matter is before us on a petition for rehearing filed by the Respondent, the

Attorney General of the United States from the decision of this panel filed September 5,

2006.  In our original opinion, we held that the Government did not meet its burden of

proof of showing by clear and convincing evidence that Petitioner Roy Escobar's conviction for a controlled substance violation under New York law was an aggravated felony. We noted that although Escobar was still removable for having committed a controlled substance violation, without an aggravated felony conviction he would be eligible to be considered for cancellation of removal pursuant to INA § 240A(a) [8 U.S.C. § 1229b(a)]. We therefore granted the petition for review and ordered that the proceeding be remanded to the Board of Immigration Appeals for consideration of Escobar's application for cancellation of removal.

The Attorney General filed a petition for panel rehearing, noting that the Supreme Court was due to consider whether a controlled substance violation, which is a felony under state law, and which is punishable under the federal Controlled Substances Act, albeit only as a misdemeanor, constitutes an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)(B). By order entered November 2, 2006, this Court granted the petition for rehearing, vacated the opinion and judgment filed September 5, 2006 and ordered the case held C.A.V. pending the decisions of the Supreme Court in Lopez v. Gonzales (No. 05-547) and Toledo-Flores v. United States (No. 05-7664). Lopez was decided on December 5, 2006; see Lopez v. Gonzales, 127 S. Ct. 625 (2006). In Toledo-Flores the writ of certiorari was dismissed on the same day, the petition having been improvidently granted; see Toledo-Flores v. United States, 127 S. Ct. 638 (2006). As Lopez validates this Court's approach to the issue of which state controlled substance convictions constitute aggravated felonies, we will reiterate our original opinion, with a

2

few minor changes.

## I.

Escobar is a native and citizen of Bolivia. He entered the United States as a lawful permanent resident in 1994. He was convicted of a controlled substance violation under New York law in 2002, and was placed in removal proceedings through issuance of a notice to appear dated July 16, 2003, charging him with removability because his conviction was an aggravated felony and a controlled substance violation. A.R. 192-94. An Immigration Judge (IJ) found him to be removable as charged. The Board of Immigration Appeals (BIA), in an opinion dated August 5, 2005, found the IJ's opinion with regard to whether the conviction constituted an aggravated felony to be "so devoid of factual and legal analysis as to preclude appellate review." A.R. 43. The BIA "remanded to the Immigration Judge for further fact finding and for the entry of a new decision." Id.

On remand, the IJ entered a new decision, stating that Escobar had been convicted of a violation of New York State Penal Law § 220.16(1),[1] for "knowingly and unlawfully possess[ing] a narcotic drug with the intent to sell it." A.R. 37. The IJ then explained the two routes by which a state drug offense could be found to be a drug trafficking crime as defined by INA § 101(a)(43)(B) [8 U.S.C. § 1101(a)(43)(B)],[2] determined that the crime

---

[1] Escobar disputes the finding that he was convicted under subsection (1), as will be discussed, infra.

[2] This Court has recognized two routes for determining whether a state drug conviction, for deportation purposes, constitutes an "aggravated felony." Under the first

3

Escobar committed would be punishable as a felony under federal law, and thus found that his crime was an aggravated felony. A.R. 38. The IJ also reaffirmed that Escobar was also removable for having committed a controlled substance violation. Id.; see INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)]. Escobar appealed the portion of the decision finding him removable as an alien convicted of an aggravated felony, and also alleged that he was denied due process because the IJ ordered him removed "in absentia."

The BIA found that Escobar's due process rights were not violated, noting that there was no evidence that the IJ conducted a hearing on remand without Escobar's presence; rather, the IJ simply issued a written order that was consistent with the BIA's remand order. A.R. 3. The BIA also noted that Escobar had notice and an opportunity to be heard on several occasions before the matter was remanded.[3]

The BIA next addressed Escobar's arguments that the conviction records filed by the Department of Homeland Security (DHS) did not constitute "proof of a criminal conviction." The BIA noted that the documents filed included a criminal information,

---

route (referred to as the "illicit trafficking in any controlled substance" route) the drug offense must (1) be a felony under the state law and (2) contain a "'trafficking element'-- i.e., it must involve 'the unlawful trading or dealing of a controlled substance.'" Gerbier v. Holmes, 280 F.3d 297, 305 (3d Cir. 2002). The second route (known as the "hypothetical felony route") requires that the offense, however characterized by the state, be punishable as a felony under the federal Controlled Substances Act. Id. 280 F.3d at 306.

[3] We agree for the reasons stated by the BIA that Escobar's due process rights were not violated by the process provided. Chong v. District Director, 264 F.3d 378, 387 (3d Cir. 2001) (where alien had opportunity to present evidence before IJ and BIA had administrative record before it on review, due process was satisfied).

charging Escobar with "Criminal Possession of a Controlled Substance in the Third Degree (1)", and which states that the defendants "knowingly and unlawfully possessed a narcotic drug, to wit: cocaine, with intent to sell the same." A.R. 183-84. The BIA also noted that the DHS had filed a sentencing and commitment document indicating that Escobar had been convicted under section "220.16" of the New York State Penal Law of "CPCS 3° COCAINE," and reflecting that Escobar had been sentenced to an indeterminate term of 2½ to 7½ years of imprisonment. A.R. 3, 188. The BIA stated that it "affirm[ed] the Immigration Judge's determination that the conviction records filed by the DHS constitute 'proof of a criminal conviction.'" A.R. 3.

The BIA then turned to Escobar's argument that his conviction was not an aggravated felony. It noted that the IJ had made a "factual determination that the respondent was convicted of a violation of section 220.16(1) of the New York Penal Law . . . and such determination is not clearly erroneous." A.R. 4. The BIA noted that 220.16(1) provides that "[a] person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses a narcotic drug with intent to sell it." A.R. 4. The BIA then found that such a conviction was analogous to a conviction under 21 U.S.C. § 841(a)(1) for unlawful possession of a controlled substance with intent to manufacture, distribute or dispense, which is punishable as a felony. The BIA determined that Escobar's conviction is a "drug trafficking crime" as defined in INA § 101(a)(43)(B), and thus an aggravated felony. The BIA concluded that Escobar was therefore ineligible for cancellation of removal under

5

INA § 240A(a) [8 U.S.C. § 1229b(a)].

## II.

We have jurisdiction to review "constitutional claims or questions of law" raised in this petition for review. INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]. Escobar has raised a legal question, namely, whether his New York conviction qualifies as an aggravated felony. See Tran v. Gonzales, 414 F.3d 464, 467 (3d Cir. 2005) (holding that "[w]e are thus free to consider [petitioner's] purely legal claim that his crime was not, in fact, an aggravated felony under the relevant law.").

Section § 101(a)(43)(B) of the INA specifies that an "aggravated felony" includes a drug trafficking crime as defined in 18 U.S.C. § 924(c). Section 924(c)(2) in turn defines a drug trafficking crime to include "any felony punishable under the Controlled Substances Act," 21 U.S.C. § 801 et seq., or other statutes not at issue here. As noted above, a state drug conviction qualifies as an aggravated felony if (1) the state felony conviction had a "trafficking element" or (2) if the state conviction, however characterized (i.e., felony or misdemeanor), hypothetically would be punishable as a felony under federal law. See Gerbier, 280 F.3d at 304.[4]

---

[4] Pursuant to N.Y. Penal Law 220.16, "Criminal possession of a controlled substance in the third degree is a class B felony." The Government argued in its petition for rehearing that because Escobar's conviction was for a felony under state law, and because his behavior was punishable under the Controlled Substance Act, the conviction was an aggravated felony. In Lopez, however, the Court validated this Court's understanding of the aggravated felony definition, holding that only a controlled substance violation that is punishable as a felony under the federal Controlled Substances Act can constitute an aggravated felony. It is not sufficient that the crime is punishable as a felony under state

6

Because we disagree with the BIA's finding that Escobar was convicted under subsection (1) of § 220.16, we do not agree that Escobar's conviction is an aggravated felony under the second route.[5] Section 220.16 of the New York Penal Law "proscribes both possession with intent to distribute [in subsection (1)] and mere possession where the quantity of drug meets or exceeds a specified weight." United States v. Hernandez, 218 F.3d 272, 277 n.2 (3d Cir. 2000). If Escobar's conviction was for mere possession, then it was not an aggravated felony, because simple possession of a controlled substance is punishable only as a federal misdemeanor. See Gerbier, 280 F.3d at 305-06; 21 U.S.C. § 844(a).

Generally, when determining whether an alien's conviction is for an aggravated felony, the court may look only to the statutory definition of the offense, and may not consider the particular facts underlying a conviction. See Singh v. Ashcroft, 383 F.3d 144, 147-48 (3d Cir. 2004). There is, however, an exception to this "categorical" approach that permits a court to look beyond the face of the statute to the charging instrument where the statute of conviction is phrased in the disjunctive. Id. at 162-63; see also Valansi v. Ashcroft, 278 F.3d 203, 214 (3d Cir. 2002) (examining underlying facts where "some, but not all" convictions under statute would qualify as aggravated felony);

law. Lopez, 127 S. Ct. at 633.

[5] The IJ considered whether the statute under which Escobar was convicted contained a "trafficking element," and concluded that it did not. As the BIA's opinion does not discuss whether the statute contains a "trafficking element," we consider only whether the conviction would qualify as a hypothetical felony. We note, however, that we agree that "trafficking" is not a necessary element of a conviction under § 220.16.

7

Taylor v. United States, 495 U.S. 575, 602 (1990).

Here, as the BIA noted, the sentencing and commitment document indicated that Escobar had been convicted under section "220.16" of the New York State Penal Law of "CPCS 3° COCAINE." A.R. 188. The document does not, however, designate any particular subsection of 220.16, nor does it state that the conviction was for possession with intent to sell. As the BIA noted, the Criminal Information did charge Escobar with "Criminal Possession of a Controlled Substance in the Third Degree (1)", and stated that the defendants "knowingly and unlawfully possessed a narcotic drug, to wit: cocaine, with intent to sell the same." A.R. 183-84. The Government argues that because Escobar consented to be prosecuted by Criminal Information (which designates subsection (1)), and he was convicted, he necessarily pled guilty to a violation of subsection (1). Respondent's Brief at 20-21. However, Escobar's written waiver of the right to proceed by indictment states that "the Superior Court information filed shall charge the following offense: Criminal Possession of a Controlled Substance in the Third Degree." A.R. 64. The waiver does not mention subsection (1), nor does it mention the "intent to sell" element. Thus, it is not clear that the information in the record reflects the charge to which Escobar finally pleaded guilty. See Hernandez, 218 F.3d at 279 ("Although the indictments do charge the defendant with possession with intent to sell, it is not clear that this is the statutory offense to which the defendant pleaded guilty."); Valansi, 278 F.3d at 214 ("While Valansi pled guilty to the indictment, her specific statements during the colloquy clarified what that plea entailed . . . . We therefore decline to limit our inquiry

8

to the charge as stated in the indictment.").

We hold that the Government did not meet its burden of proof of showing by clear and convincing evidence that Escobar was convicted of an aggravated felony. See INA § 240(c)(3)(A) [8 U.S.C. § 1229a(c)(3)(A)]. Although he is still removable for having committed a controlled substance violation, he is now eligible to be considered for cancellation of removal pursuant to INA § 240A(a) [8 U.S.C. § 1229b(a)].[6] We will grant the petition for review and remand the proceeding to the Board of Immigration Appeals for consideration of Escobar's application for cancellation of removal. See INS v. Ventura, 537 U.S. 12, 17 (2002) (per curiam).[7]

---

[6] The Government is estopped from relitigating whether Escobar's conviction is an aggravated felony. See Duvall v. Attorney General, 436 F.3d 382, 390 (3d Cir. 2006) (INA incorporates common law principles of collateral estoppel).

[7] The motion by Respondent to proceed on the administrative record is granted.